STONE, J.
Vernon Carter appeals a conviction of kidnaping, car jacking, attempted strong arm robbery, and battery upon a person sixty-five years of age or older. Specifically, he asserts that the trial court erred in denying his motion to suppress evidence discovered as a result of a “stop” which, he argues, was not based on reasonable suspicion. The “stop” consisted of the investigating officer’s patrol car blocking egress by Carter’s van. Here, we need not resolve whether the officer had a sufficiently founded suspicion to stop the van by blocking it because, regardless, we affirm the denial of the motion to suppress on the alternative ground of the inevitable discovery exception to the exclusionary rule.
Around 11:00 p.m. on March 14, 2002, a police officer was dispatched to investigate a call from an area resident expressing concern over a suspicious van parked across the street from her apartment building in front of a closed doctor’s office. The resident reported that the van had been parked for a considerable period of time with the engine running, the headlights off, and with two occupants, one of whom was partially undressed and watching a television or computer screen.
The officer testified to having patrolled the same area for the past two years and that the only cars that ever parked at that location after hours were four or five white Ford Tauruses used by employees during the day. Upon arriving at the scene, the officer observed the van, pulled his patrol car behind the suspicious vehicle in a way that blocked it, and approached the van with a flashlight.
The officer greeted Carter, who was seated inside the van, and after observing that the van had a Wisconsin license plate, inquired as to whether Carter “liked cheese.” Carter responded suspiciously, explaining that he had a Florida identification card. The officer requested Carter produce the identification card and ran the card, whereupon he found there was a warrant for Carter’s arrest. Upon check *1278 ing the van’s license plate, the officer further learned that the van had been recently stolen in a car jacking.
Pursuant to the inevitable discovery doctrine, a court may admit illegally obtained evidence if an independent source or activity would have inevitably disclosed the evidence. Moody v. State, 842 So.2d 754, 759 (Fla.2003).
We recognize that the supreme court, in Moody, ruled adversely to the state. Id. at 755. There, however, the stop was based on a “hunch” and led to a search of the car where a weapon, tying the appellant to another crime, was discovered. Id. at 758. In this case, the discovery of the crime was based on the license plate check, a process and means that is separate from, and not dependent upon, any unlawful police conduct. Here, any unlawful police conduct was patently unrelated to the ability of the police to discover the same information concerning the van as if no police overreaching had occurred. See, e.g., Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984).
In Nix, the police discovered the location of a body based on the defendant’s statements. Id. at 435. There, the Supreme Court accepted the trial court’s finding that if a search for the body had not been suspended by disclosures of unlawfully obtained information leading to discovery of the body, “the search would clearly have been taken up again ... and the body would [have] been found in short order.” Id. at 438. Further, in State v. LeCroy, 435 So.2d 354, 357 (Fla. 4th DCA 1983), we noted that the exclusionary rule is not applicable even when the unlawful act may have contributed to the discovery where the information would have been otherwise acquired lawfully.
This court has also recognized that there does not have to be an absolute certainty of ultimate discovery; rather, only a reasonable probability need exist. State v. Ruiz, 502 So.2d 87 (Fla. 4th DCA 1987). Common sense dictates that such reasonable probability existed here, and the state should not be shackled in its proof because the officer chose to initiate the investigation before checking the license tag.
There is no need to address the now moot issue of standing. As to all other issues raised, we find no reversible error, or abuse of discretion, and affirm.
GROSS and HAZOURI, JJ., concur.