898 So.2d 1027 (2005)
Neal BROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D03-1871.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Neal Bross appeals his conviction and fifteen-year sentence for the lesser-included offense of third degree murder. Bross contends that his post-arrest statement to the police should have been suppressed because the Miranda[1] warning he received failed to inform him that he had a right to have an attorney present during questioning. We agree and reverse. See Dendy v. State, 896 So.2d 800 (Fla. 4th DCA 2005)(reversing on the same grounds on appeal by co-defendant); Franklin v. State, 876 So.2d 607 (Fla. 4th DCA 2004)(noting that Miranda form used by Broward County Sheriff's Office was only one of ninety rights forms obtained from federal and state law enforcement agencies introduced in evidence that failed to indicate that the suspect could consult with a lawyer during questioning), cert. denied, ___ U.S. ___, 125 S.Ct. 890, 160 L.Ed.2d 825 (2005); President v. State, 884 So.2d 126 (Fla. 4th DCA 2004), review denied, 892 So.2d 1014 (Fla.2005); West v. State, 876 So.2d 614 (Fla. 4th DCA 2004), review denied, 892 So.2d 1014 (Fla.2005); Roberts v. State, 874 So.2d 1225 (Fla. 4th DCA 2004), review denied, 892 So.2d 1014 (Fla.2005).[2]
Based on our review of the record, we are unable to conclude that this error was harmless beyond a reasonable doubt, *1028 given that the bulk of the evidence against Bross was his own confession and a corroborative statement and trial testimony of a co-defendant. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986)(holding that harmless error exists where the state establishes beyond a reasonable doubt that the error did not contribute to the verdict).
Accordingly, we reverse Bross' conviction and sentence and remand this cause for a new trial. We affirm without discussion Bross' second point on appeal that the trial court erred in allowing the state access to grand jury testimony.
REVERSED in part, AFFIRMED in part and REMANDED.
POLEN, TAYLOR and MAY, JJ., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
[2] As the foregoing citations indicate, both the Florida Supreme Court and United States Supreme Court have declined to review cases ruling on the constitutionality of the Broward County Sheriff's Office's Miranda rights card.