921 So.2d 697 (2006)
Bobby MARTIN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-2940.
District Court of Appeal of Florida, Fourth District.
February 8, 2006.
Rehearing Denied March 21, 2006.
*698 Carey Haughwout, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for attempted robbery with a firearm, possession of a firearm by a convicted felon, and resisting arrest without violence. He argues the trial court erred in denying his motion to suppress and his motion to correct sentence. We find the trial court erred in denying his motion to suppress because the Miranda[1] warnings were inadequate. We find no other error. We reverse and remand the case for a new trial.
The State charged the defendant with burglary of a dwelling with a firearm, attempted robbery, possession of a firearm by a convicted felon, and resisting arrest with violence. The defendant moved to suppress his statement to the detectives, arguing the statement was involuntary because of police brutality, and because the detectives failed to warn him of his right to counsel "during" questioning. The court denied the motion on both grounds. The jury found the defendant not guilty of the burglary, but convicted him of the remaining charges. The court sentenced the defendant to 30 years in prison with a mandatory minimum of 10 years. He now appeals his conviction and sentence.
We follow well-recognized rules when reviewing trial court orders on motions to suppress. First, we accept factual findings that are supported by competent, substantial evidence. Underwood v. State, 801 So.2d 200, 202 (Fla. 4th DCA 2001). Second, we review questions of law de novo. Id.
*699 We find no error in the denial of the motion to suppress based upon the defendant's claim of police brutality because there was competent, substantial evidence to support the trial court's finding that no brutality occurred.
However, our court has previously held that Miranda warnings similar to those given in this case are deficient. See Roberts v. State, 874 So.2d 1225, 1228 (Fla. 4th DCA 2004). In Roberts, we held that warnings failing to advise a defendant of the right to counsel "during" questioning are constitutionally defective. See id.; Bross v. State, 898 So.2d 1027 (Fla. 4th DCA 2005). The warnings given in this case suffer from the same defect. We must therefore reverse the order denying the motion to suppress on this basis and remand the case for a new trial.
We find no error in the State's notice of intent to seek enhanced sentencing. See Washington v. State, 895 So.2d 1141, 1143 (Fla. 4th DCA 2005).
REVERSED and REMANDED.
STEVENSON, C.J., and WARNER, J., concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).