WHATLEY, Judge.
Harris appeals his judgments and sentences for possession of cocaine, possession of marijuana, and possession of paraphernalia, arguing that the trial court erred in denying his motion to suppress. We agree and reverse.
Harris was driving his pickup truck in a lawful manner. Two law enforcement officers were behind Harris in separate vehicles and both officers attempted to obtain the tag number from Harris’s vehicle. Their testimony, which is supported by the evidence, was that a trailer hitch partially blocked the tag and they could not read the letters on the tag from a distance of thirty to fifty feet. The officers stopped Harris’s vehicle based on the obscured tag. After the stop, the officers smelled an odor of fresh marijuana coming from inside the vehicle. Thereafter, marijuana was found in Harris’s pocket and cocaine was found in the glove box of the truck.
Harris asserts the trial court erred in denying his motion to suppress because he was improperly stopped for violating section 316.605, Florida Statutes (2006). The relevant portion of the statute reads as follows:
[A]ll letters, numerals, printing, writing, and other identification marks upon the plates regarding the word “Florida,” the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front.
§ 316.605(1) (emphasis added).
The only language in the statute that would apply to the case at bar is the phrase, “other obscuring matter.” However, we conclude the doctrine of ejusdem generis causes this language to apply only to matter on the tag itself. Pursuant to the “ ‘ejusdem generis’ canon of statutory construction, where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated.” Black’s Law Dictionary 514 (6th ed. 1990). Here, a reading of the language in the statute shows that the license plate must be free from obscuring matter, be it grease, grime, or some other material placed over the plate. However, it would not include a trailer hitch that is properly attached to the truck’s bumper.
The dissent reads the “plainly visible” from 100 feet language as if such language was separate from “defacement, mutilation, grease, and other obscuring matter.” We believe that section 316.605(1), which is all one sentence and contains 196 words, is neither clear nor concise, and therefore, the doctrine of ejusdem generis is applicable. Further, the “plainly visible” language applies to license plates obstructed by defacement, mutilation, grease, or “other obscuring matter.” The sole issue is the meaning of “other obscuring matter.” This phrase, under the doctrine of ejusdem generis applies to obstructions “on” the tag such as grease, grime or rags.[1] Mat *464 ters external to the tag, such as trailer hitches, bicycle racks, handicap chairs, u-hauls, and the like are not covered by the statute. If the legislature chooses to bring such items external to the license plate within the statute, simple and concise language can accomplish the task.
We are not unmindful that Florida now has a variety of different license plates of various colors and design. Some of these place letters in the middle of the tag, where the trailer hitch was located in this case, and some place a symbol, such as an orange, in the middle of the tag where a trailer hitch might not obscure letters or numerals.
Although there are no cases on point in Florida, in State v. Ronau, 2002 WL 31743012 (Ohio Ct.App.2002), the court held that the trial court did not err in finding that the stop of a truck was improperly based on the fact that the trailer hitch was blocking a portion of the license plate. We recognize that Ronau appears to be the minority position. See People v. White, 93 Cal.App.4th 1022, 1026, 113 Cal.Rptr.2d 584 (Cal.Ct.App.2001) (holding that license plate that is partially obstructed from view by a trailer hitch violates law, which provides that plates must be maintained in a condition so as to be clearly legible, and such violation provided officer with a lawful basis to stop vehicle); State v. Hill, 131 N.M. 195, 34 P.3d 139, 147 (N.M.Ct.App.2001) (where law required plate to be “maintained free from foreign material and in a condition to be clearly legible,” truck’s plate was in violation of law where truck’s trailer hitch obscured plate’s renewal sticker); State v. Smail, 2000 WL 1468543 (Ohio Ct.App. 2000) (concluding that pursuant to law, which provided that “license plates ... shall not be covered by any material that obstructs their visibility,” the middle numbers of a license plate were not in “plain view” and stop of truck was lawful where license was obstructed by a ball hitch).
We conclude that Harris’s vehicle was improperly stopped pursuant to section 316.605. Accordingly, we reverse Harris’s judgments and sentences.
Reversed and remanded.
WILLIAMS, CHARLES E., Associate Judge, Concurs.

. It is clear the rag in Wright v. State, 471 So.2d 155 (Fla. 3d DCA 1985), was in contact *464 with the vehicle's license plate.