BERGER, J.
The State of Florida appeals an order granting Jermaine D. English’s motion to suppress. We reverse.
The facts are not in dispute. English was stopped by two Orlando police officers after they noticed that the tag light on the vehicle that he was driving, along with its attached wires, was hanging down in front of the license plate, obstructing the officers’ view of the plate and rendering at least one letter on it unreadable. The tag became readable, only momentarily, when the vehicle turned and caused the wires to shift. However, after the turn, when the wires shifted back, the view of the tag was obstructed again.
Based on the single fact that the tag became unobstructed temporarily during a turn, the trial court granted English’s motion to suppress, concluding:
Under the other — under obstruction, there’s a case ... saying that once you are able to read the actual numbers, that it’s no longer a violation. So even if you get out of your car and walk to the car, as soon as you can see the numbers, then that satisfies your need for your probable cause. So with that, I am going to grant the suppression.
This was error.[1]
“All that is required for a valid vehicle stop is a founded suspicion by the *530 officer that the driver of the car, or the vehicle itself, is in violation of a traffic ordinance or statute.” Davis v. State, 788 So.2d 308, 309 (Fla. 5th DCA 2001). Section 316.605(1), Florida Statutes, provides in pertinent part:
Every vehicle, at all times while driven, stopped, or parked upon any highways, roads, or streets of this state ... shall, ... display the license plate ... in such manner as to prevent the plates from swinging, and all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word “Florida,” the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front. ... A violation of this subsection is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.
§ 316.605(1), Fla. Stat. (emphasis added). Based on the plain reading of the statute, the alphanumeric designation on the license plate must be plainly visible at all times. Here, according to the testimony of the officers, which the trial court found reliable, English’s tag was not in compliance with the statute. As such, the officers had the authority to conduct a traffic stop in this case. See Wright v. State, 471 So.2d 155, 156-57 (Fla. 3d DCA 1985) (finding that officer charged with enforcing motor vehicle laws had the duty and authority to investigate why a vehicle that was parked in the roadway had its license tag partially obscured with a dirty rag, in violation of the law). But see Harris v. State, 11 So.3d 462, 463-64 (Fla. 2d DCA 2009) (finding that police officers who were unable to read defendant’s license plate because of a trailer hitch properly attached to the vehicle lacked authority to perform a traffic stop, because matters external to the tag, such as trailer hitches, bicycle racks, handicap chairs, u-hauls, and the like were not “other obscuring matter”).
Because we conclude that English’s vehicle was properly stopped pursuant to a violation of section 316.605(1), we reverse the order of the trial court and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
PALMER and LAWSON, JJ., concur.

. It appears that the trial court inadvertently relied on State v. Diaz, 850 So.2d 435 (Fla. *530 2003) to support its ruling. However, Diaz involved a stop based on the officer's inability to read the expiration date on a temporary tag. Id..', see also § 320.131(4), Fla. Stat. There, the Florida Supreme Court determined that once the deputy was satisfied that the temporary tag was valid, the reason for the stop was satisfied, and the deputy had no justification for further detention, other than giving an explanation for the stop. Diaz, 850 So.2d at 440. In so ruling, the court made the following distinction between the temporary and permanent tag statutes:
The Florida statute regulating temporary license tags provided: "Temporary tags shall be conspicuously displayed in the rear license plate bracket or attached to the inside of the rear window in an upright position so as to be-clearly visible from the rear of the vehicle." § 320.131(4), Fla. Stat. (2000) (emphasis added). While the Legislature has required that permanent license plates must be "plainly visible and legible at all times 100 feet from the rear or front,” § 316.605(1), Fla. Stat. (2000), the Legislature has failed to mandate a distance at which temporary tags must be fully legible. Notably, the temporary tag statute does not specifically require that the expiration date be legible, and it is the State itself which creates and issues the temporary license tag. See § 320.131(1), (4), Fla. Stat. (2000).
Id. at 437.