PER CURIAM.
Anticipating our decision in Baker v. State, 164 So.3d 151 (Fla. 1st DCA 2015), the trial court denied appellant’s motion to suppress, reading “the plain language of section 316.605(1), Florida Statutes [], to mean that a license tag’s alphanumeric designation may not be obstructed by any matter.” Id. at 151, 155 (noting that “the statutory catchall phrase ‘other obscuring matter’ does not distinguish from obscuring matter ‘on’ the license tag versus external matter obscuring the tag”); see State v. English, 148 So.3d 529, 529-30 (Fla. 5th DCA 2014) (holding that, under the plain reading of section 316.605(1), an officer had the authority to stop a vehicle where the license tag’s alphanumeric designation was obstructed by a hanging tag light and its attached wires), review granted, English v. State, 171 So.3d 115 (Fla.2015). But see Harris v. State, 11 So.3d 462, 463-64 (Fla. 2d DCA 2009) (concluding that section 316.605(1) requires a “license plate [to] be free from obscuring matter, be it grease, grime, or some other material placed over the plate,” but that “Matters external to the tag, such as trailer hitches, bicycle racks, handicap chairs, u-hauls, and the like are not covered by the statute.”). As we did in Baker, we certify conflict with Harris.
Affirmed; conflict certified.
BENTON, ROWE, and MARSTILLER, JJ., concur.