LABARGA, C.J.
Jermaine English seeks review of the decision of the Fifth District Court of-Appeal in State v. English, 148 So.3d 529 (Fla. 5th DCA 2014), on the ground that it expressly and directly conflicts with a decision of another district court of appeal, Harris v. State, 11 So.3d 462 (Fla. 2d DCA 2009), on a question of law. Specifically, the district courts reached conflicting decisions on what constitutes an obstruction to a license plate in violation of section 316.605(1), Florida Statutes (2013), and whether the statute creates a distinction between obscuring matter that is on or is external to the license plate. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We conclude that the plain language of section 316.605(1) is clear and unambiguous, and requires that a license plate be plainly visible and legible at. all times without regard to whether the obscuring matter is on or external to the plate. Accordingly, we approve the Fifth District’s decision in English and disapprove the Second District’s decision in Harris.
FACTS AND PROCEDURAL BACKGROUND
This case arose from a traffic stop conducted pursuant to a violation of section 316.605(1), Florida" Statutes, which in relevant part, provides as follows:
Every vehicle, at all times while driven, stopped, or parked upon any highways, roads, or streets of this state shall, ..: display the license plate ... in such manner as to prevent' the plates from swinging, and all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word “Florida,” the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement,' mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from' the rear or • front.... A violation of this subsection is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.
The underlying facts of this case were succinctly set forth by the Fifth District in English:
The facts are not in dispute. English was stopped by two Orlando police officers after they noticed that the tag light on the vehicle that he was driving, along with its attached wires, was hanging down in front of the license plate, ob *450 structing the officers’ view of the plate and rendering at least one letter on it unreadable. The tag became readable, only momentarily, when the vehicle turned and caused the wires to shift. However, after the turn, when the wires shifted back, the view; ■ of. the tag was obstructed again.
English, 148 So.3d at 529. A seizure of evidence during the course of the traffic stop resulted in criminal charges against English, and 'he moved to suppress the evidence in the trial court ‘on the grounds that the stop was invalid. The trial court granted the motion to suppress, concluding that English did not violate the statute and there was no basis for the traffic stop.
On appeal, the Fifth District reversed the trial court’s order and held that a plain reading of section 316.605(1) .requires the alphanumeric designation ,on the license plate to be plainly visible and legible at all times 100 feet from the rear. Id. at 530. In determining that English’s hanging tag light constituted a violation of the statute, the district court did not distinguish between obscuring matter that was on or external to the license plate., The district court concluded that a. tag light, along;with its attached wires, hanging down , in front of the license plate, rendering at least, one letter on the plate unreadable, obscured the plate such that it was not plainly visible and legible at all times to the police officers. Id. at 529-30. Thus, the Fifth District concluded that the. officers made a proper stop and that evidence from the stop should not have been suppressed. English subsequently sought review in this Court, alleging express and direct conflict with the Second District’s decision in Harris, 11 So.3d 462. English contends that the Fifth District should have followed the reasoning set forth in Harris to conclude that a hanging tag light did not constitute the type of obscuring matter contemplated by section 316.605(1) because the tag light was external to the license plate, not on it.
ANALYSIS
Standard of Review
The conflict in the present case involves the interpretation of section 316.605(1), Florida Statutes, which is a purely legal matter subject to de novo review. See Kasischke v. State, 991 So.2d 803, 807 (Fla.2008). “When construing a statute, this Cpurt. attempts to, give effect to the Legislature’s intent,, looking first to the actual language used in the statute and its plain meaning.” Trinidad v. Fla. Peninsula Ins. Co., 121 So.3d 433, 439 (Fla. 2013). When the statutory language is clear or unambiguous, this Court need not look behind the statute’s plain language or employ principles of statutory construction to ’determine législative' intent. See id.; Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005). In such an instance, the statute’s ¡plain and ordinary meaning, must control unless that meaning leads to a result that is unreasonable or clearly contrary to legislative intent. See Polite v. State, 973 So.2d 1107, 1111 (Fla.2007); State v. Burris, 875 So.2d 408, 410 (Fla.2004). Wflien the statutory language is unclear or ambiguous, this Court applies rules of statutory construction to discern legislative intent. See Polite, 973 So.2d at 1111.
. Licensing of Vehicles Statute
■ The present conflict turns on whether a hanging tag light obscures a license plate in violation of section 316.605(1). English argues that the Fifth District’s decision, which did not examine the phrase'“other obscuring matter,” conflicts with the Second District’s decision in Harris. In Harris, the defendant appealed conVictions for charges based on evidence found during a traffic stop. The *451 trial court- denied the defendant’s motion to suppress evidence based- on the officers’ testimony that a trailer hitch partially obscured the license plate such that they Were unable to read the letters 'from thirty to fifty feet behind the vehicle. Harris, 11 So.3d at 463. On appeal, the Second District reversed the trial court, holding that obstruction by a trailer hitch did'not violate section 316.605(1). Id. at 464. The district court determined that “[t]he only language in the statute that would apply to the case at bar is the phrase ‘other obscuring matter,’ ” and concluded that pursuant to the canon of ejusdem géneris, “where general words Mow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated.” I'd. at 463 (citing Black’s Law Dictionary 514 (6th ed,1990)). The district court explained that the canon of ejusdem generis limited “obscuring matter” to “grease, grime, or some other material placed over the plate,”. concluding that matters- external to the plate were not the type of obstructions contemplated by the statute. Id. In contrast, the Fifth District in English did not attempt to distinguish among matter that was on or external to the license plate; but declared that under the 'plain language of the' statute, English was not in compliance with the statute when his license plate was obscured by a hanging tag light. We agree.
The plain language of section 316.605(1) provides that “the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, ■ grease,-and other obscuring matter, so that they Will be plainly visible and legible at ah times 100 feet from the rear or front.” While canons of statutory construction may be appropriately applied to determine legislative intent when a statute is. unclear, we conclude that the language of section 316.605(1) is clear and unambiguous. Accordingly, this Court need only consider the actual language of the statute and need not resort to canons of statutory construction to- effectuate the intent of the Legislature. Additionally, there is no need to consider the meaning of an isolated phrase in the statutory provision when- -the actual language of the statute, taken -as a whole, clearly expresses the intent of the Legislature. .See Acosta v. Richter, 671 So.2d 149, 153-54 (Fla.1996) (“[A] statute should be interpreted to give effect to every clause in it, and to accord-meaning arid harmony to all of its parts.' Likewise, statutory phrases-are not to be read- in isolation, but rather. within the context of the entire section.”) (internal-citations omitted).
The plain language of section 316.605(1) requires that a license plate be “clear and distinct” and “free from defacement, mutilation, grease, and other obscuring matter”'; it does not suggest that matter external to the license plate may constitute a permissible obstruction under the statute. Therefore, we hold that section 316.605(1) does not distinguish betweén obscuring matter that is on or external to the license plate. Accordingly, we conclude that a tag light, hanging down in front of a license plate, obscuring its alphanumeric designation, constitutes a violation- of section 316.605(1).
For these reasons, we approve the decision of the Fifth District in English and disapprove the decision of the Second District in Harris.
It is so ordered.
LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur;
PERRY, J., dissents with an opinion, in which PARIENTE, J., concurs. '