PERRY, J.,
concurring in part and dissenting in part.
I concur in the majority’s decision to vacate Johnson’s death sentences because they violate the Sixth Amendment. See majority op. at 1286; see also Hurst v. State, 202 So.3d 40, 75-76 (Fla.2016).
However, I respectfully dissent from the majority’s decision not to apply the plain text of section 775.082(2), Florida Statutes. Because his death sentences are unconstitutional, Johnson is entitled'to the remedy that the Legislature has specified. The sentencing court must sentence him to life in prison. See § 775.082(2), Fla. Stat. (2015).
The statute’s language is clear and unambiguous.
In the event the death penalty in a capital felony is held to be unconstitutional by the Florida Supreme Court or the United States Supreme Court, the court having jurisdiction over a person previously sentenced to death for a capital felony shall cause such person to be brought before the court, and the court shall sentence such person to life imprisonment as provided in subsection (1). No sentence of death shall be reduced as a result of a determination that a method of execution is held to be unconstitutional under the State Constitution or the Constitution of the United States.
Id. (emphasis added). We need engage in no further legal gymnastics to carry out the will of the Legislature. See, e.g., English v. State, 191 So.3d 448, 450 (Fla.2016) (“When the statutory language is clear or unambiguous, this Court need not look behind the statute’s plain language or employ principles of statutory construction to determine legislative intent.”).
Life in prison is the default position for a defendant convicted of capital murder. In order to increase that default sentence to death, there must be a constitutional means of imposing a death sentence. The majority and I agree that Johnson was not sentenced to death in a manner compliant with the Constitution. Accordingly, death is not an option: the sentencing court must impose life sentences pursuant to section 775.082(2), Florida Statutes. For that reason, I would remand this case to the trial court for the imposition of life *1292 sentences. See Hurst v. State, 202 So.3d at 75-76 (Perry, J., dissenting).