DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**DYLAN MORRIS,**
Appellee.

No. 4D18-2470

[ April 24, 2019 ]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 17-14519CF10A.

Ashley B. Moody, Attorney General, Tallahassee, and Allan R. Geesey, Assistant Attorney General, West Palm Beach, for appellant.

Russell L. Cormican, Fort Lauderdale, for appellee.

MAY, J.

License plate frames and whether they violate section 316.605(1), Florida Statutes (2017), are challenged in this appeal. The State appeals a suppression order. It argues the trial court erred in finding that a license plate frame did not violate section 316.605(1). We disagree and affirm.

Law enforcement conducted a traffic stop of the defendant for violating section 316.605(1). The State charged the defendant with possession of cocaine, which was seized as a result of the stop. The defendant moved to suppress the cocaine, arguing that the traffic stop was invalid.

The parties agreed to the facts. The legal question was whether the Drive Pink AutoNation license plate frame around the defendant's license plate was "obscuring matter" over the words "MyFlorida.com" and "Sunshine State," providing a legal basis for the traffic stop.

The statute's 2017 version provides that on a Florida license plate, "all letters, numerals, printing, writing, the registration decal, and the alphanumeric designation shall be clear and distinct and free from . . .

other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front." § 316.605(1), Fla. Stat. (2017). The defendant's license plate looked like this:



Defense counsel argued the license plate frame did not obscure any of the words, although it covered part of a few letters. Regardless, he argued, all the words could be read from a hundred feet. The only letters that were partially covered were in the words "Sunshine State" and "MyFlorida.com." Counsel argued that only "Florida," the tag number, and registration decal were "necessary information." *See State v. Pena,* 247 So. 3d 61, 61 (Fla. 3d DCA 2018) (interpreting the 2015 version of the statute).

The State responded that the statute requires "all" letters and writing be "clear and distinct from . . . obscuring matter," even if the frame covers only "a little top portion" of "MyFlorida.com." And, because the frame obscured part of "Sunshine State," the stop was valid.

The trial court found "that the word 'Florida' [was] not obscured. . . . [E]verything that needs to be identified [was] identifiable," even with the frame. The court granted the motion to suppress, "find[ing] that the tag [was] not obscured as the law require[d] for purposes of stopping a vehicle." The State now appeals.

The State continues to argue the trial court erred in suppressing the cocaine because the plain language of section 316.605(1), Fla. Stat., requires "all" writing on the license plate to be clear and free from "obscuring matter." The statute indicates that "[n]othing shall be placed upon the face of a Florida plate except as permitted by law. . . ." § 316.605(1), Fla. Stat. (2017). It also argues that even if the stop were illegal, the evidence should not be suppressed because the officer acted under a reasonable mistake of law.

The defendant responds that the trial court's finding is supported by competent, substantial evidence and should not be disturbed on appeal. He argues case law interpreting the statute's prior version supports the trial court's legal conclusion. Lastly, he argues that because the State failed to argue the officer's reasonable mistake of law in the trial court, that argument is unpreserved.

We review an order on a motion to suppress to determine whether the trial court's factual findings are supported by competent, substantial evidence. *Martin v. State*, 921 So. 2d 697, 698 (Fla. 4th DCA 2006). We have de novo review of the legal issue. *Id.*

When reviewing a statute, we should first look to the actual language and its plain meaning. *English v. State*, 191 So. 3d 448, 450 (Fla. 2016). If the language is clear and unambiguous, we need not look behind it or resort to statutory construction to determine legislative intent. *Id.* Plain meaning controls unless that meaning leads to a result that is unreasonable or clearly contrary to legislative intent. *Id.*

The statute's current version provides that, "all letters, numerals, printing, writing, the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front." § 316.605(1), Fla. Stat. (2017).[1]

Our supreme court has held that the predecessor version of "section 316.605(1) does not distinguish between obscuring matter that is on or external to the license plate." *English*, 191 So. 3d at 451. It did so in concluding "that a tag light, hanging down in front of a license plate, obscuring its alphanumeric designation, constitute[d] a violation of section 316.605(1)." *Id.*

Here, all the letters and words on the license plate were visible within 100 feet. In fact, the officer who stopped the defendant testified in deposition that "he didn't have any trouble" reading the word "Florida." The trial court specifically found that "everything that needs to be identified is identifiable," even with the frame. The trial court further suggested that if the legislature wanted to outlaw license plate frames,

---

[1] The parties correctly point out that no Florida court has yet to interpret this version of section 316.605(1), Florida Statutes, which went into effect on July 1, 2016.

which are most often placed on the plates by auto dealers, it could have done so.

We agree with the trial court that the "letters, numerals, printing, writing, the registration decal, and the alphanumeric designation [were] clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they [were] plainly visible and legible at all times 100 feet from the rear or front." § 316.605(1), Fla. Stat. (2017). For this reason, we affirm.[2]

*Affirmed.*

GERBER, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

---

[2] Because the State failed to raise the "mistake of law" argument below, it is unpreserved.