[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11074
Non-Argument Calendar
_____

D.C. Docket No. 4:19-cr-00043-MW-CAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARDINO POPOCA SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 23, 2020)

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Bernardino Popoca Sanchez appeals the district court's order denying his

motion to suppress the methamphetamine found during the search of his car.  We affirm.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 4, 2018, Drug Enforcement Administration Task Force Officer Norma Dominique Guifarro was involved in an investigation into methamphetamine trafficking and had information from a confidential source that someone was bringing several kilograms of methamphetamine from Georgia to Florida in a particular truck.  Officer Guifarro contacted Florida Highway Patrol Trooper Matthew Davis to see if he would conduct a "walled off stop."[1]  Officer Guifarro sent Trooper Davis a picture of the truck, told him where it would be, that it was transporting methamphetamine, and asked him to conduct a walled-off stop in order to "keep a state face on the traffic stop and then to develop [his] own probable cause for the traffic stop."

The next day, while driving behind the truck in Officer Guifarro's picture, Trooper Davis saw that he could not read the four numbers on the right side of the license plate.  He also saw that the driver, Sanchez, was not wearing a seat belt. Trooper Davis then stopped the truck and realized the reason he could not see the

---

[1] In a "walled off stop," or "wall stop," "a patrol officer is asked to find his own lawful reason to stop and search the vehicle and is not advised of the information known by investigators in order to protect the secrecy of the ongoing investigation."  United States v. Benard, 680 F.3d 1206, 1208-09 (10th Cir. 2012).

license plate numbers—the truck had a clear tag cover that created a glare from his headlights, obscuring the numbers. Trooper Davis went to speak to Sanchez, who was still not wearing a seat belt, and explained that Sanchez was stopped because his license plate cover obscured the numbers on his tag and he was not wearing his seat belt. Trooper Davis asked for Sanchez's driver's license, registration, and insurance, and, shortly after, Trooper Jake Moore arrived. Trooper Moore "took over the enforcement action" while Trooper Davis "deployed" his certified K9, who "alerted and gave a final indication to the odor of illegal narcotics." Trooper Davis then performed a search of Sanchez's truck and found a pillow behind the passenger seat that was stuffed with methamphetamine.

Based on the information from the confidential source and the traffic stop, Sanchez was indicted for conspiracy to possess fifty or more grams of methamphetamine with the intent to distribute and for possessing the methamphetamine with the intent to distribute. Sanchez moved to suppress the methamphetamine found in his truck, arguing that the stop was illegal because the officers did not have probable cause to believe his license plate was obstructed and he was not wearing a seat belt.

After an evidentiary hearing, the district court denied the motion to suppress, giving three independent reasons. First, the district court concluded, the Drug Enforcement Administration "clearly" had probable cause to stop Sanchez's truck

3

based on the information from the confidential source that someone was driving the methamphetamine to Tallahassee in a particular truck. Because the Administration had at least minimal communication with Trooper Davis, Trooper Davis was entitled to rely on the Administration's information to stop Sanchez under the collective knowledge doctrine. Second, finding Trooper Davis's testimony credible, the district court concluded that Trooper Davis had probable cause to stop Sanchez's truck for violating Florida's tag obstruction and seat belt laws. And third, the district court concluded that even if Trooper Davis had made a mistake of law or fact about whether Sanchez was wearing his seat belt or his tag was obstructed, the mistake was reasonable.

Following the denial of his suppression motion, Sanchez pleaded guilty to both counts, but reserved the right to appeal the denial of his motion to suppress. This is his appeal.

## STANDARD OF REVIEW

In reviewing a district court's decision on a motion to suppress, we review its fact findings for clear error and its application of law to the facts de novo. United States v. Walker, 799 F.3d 1361, 1363 (11th Cir. 2015). "We construe all facts in the light most favorable to the party who prevailed in the district court and give substantial deference to the factfinder's credibility determinations, both explicit and implicit." Id. (internal quotation marks omitted).

4

However, where the defendant argues that the district court erred for the first time on appeal, we review for plain error. United States v. Vereen, 920 F.3d 1300, 1312 (11th Cir. 2019). To establish plain error, a defendant must "show that (1) there is an error;  (2) that is plain or obvious;  (3) affecting his substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." United States v. Cingari, 952 F.3d 1301, 1305 (11th Cir. 2020) (internal quotation marks omitted). "When neither this Court nor the Supreme Court have resolved an issue, there can be no plain error in regard to that issue." Vereen, 920 F.3d at 1312.

## DISCUSSION

Sanchez argues, as he did before the district court, that Trooper Davis did not have probable cause to stop his car for having an obstructed tag and failing to wear a seat belt. Sanchez also argues for the first time on appeal that the district court erred in failing to suppress the evidence from the traffic stop because (1) the Florida tag cover statute was unconstitutional and (2) Trooper Davis did not have probable cause to believe Sanchez had methamphetamine in his truck based on the "walled-off stop."

"The Fourth Amendment guarantees '[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.'" Whren v. United States, 517 U.S. 806, 809 (1996) (quoting U.S. Const.

5

Amend. IV).  "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons' within the meaning of this provision."  Id. at 809–10.  "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances.  Id. at 810.  "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."  Id.

Here, Trooper Davis had probable cause to stop Sanchez's truck because his tag was obstructed by the license plate cover, and Sanchez was not wearing a seat belt, in violation of Florida law.  The district court found Trooper Davis's testimony "credible that [Sanchez] was not wearing a seat belt" and that Trooper Davis "could not, in fact, see the whole tag" because of the license plate cover.  Because Sanchez has not shown that these findings were clearly erroneous, the stop of his truck for violating Florida's tag obstruction and seat belt laws was reasonable.

The district court did not plainly err in relying on Sanchez's violation of Florida's tag obstruction statute as supporting probable cause for the stop.  Sanchez has not cited to any precedent from this Court or the United States Supreme Court finding the tag obstruction statute to be unconstitutionally vague, as he must under the plain error test.  Indeed, the Florida Supreme Court has found the tag obstruction statute to be "clear and unambiguous."  English v. State, 191 So. 3d 448, 449 (Fla.

2016). Even if Sanchez could point to precedent finding Florida's tag obstruction statute unconstitutionally vague, Trooper Davis still had probable cause to stop Sanchez's truck based on his violation of the seat belt statute.

Sanchez's other new argument on appeal, that "walled-off stops" are unconstitutional, also fails plain error review. The Supreme Court, and our Court, have not found "walled-off stops" per se unconstitutional. And even if there was precedent finding them unconstitutional, Trooper Davis had independent probable cause to stop Sanchez without Office Guifarro's information from the confidential source because Sanchez violated the seat belt statute.

For these reasons, the district court's suppression order is affirmed.

**AFFIRMED.**