# Third District Court of Appeal

## State of Florida

Opinion filed June 15, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1728
Lower Tribunal No. 20-195-A-K
_____

**Aquilino Mayorga,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the County Court for Monroe County, Peary S. Fowler, Judge.

Robertson & Hunter, LLP, and Dustin S. Hunter, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and EMAS and SCALES, JJ.

PER CURIAM.

Affirmed. <u>See</u> § 316.605(1), Fla. Stat. (2020) (providing: "Every vehicle, at all times . . . shall . . . display the license plate or both of the license plates assigned to it by the state . . . and all letters, numerals, printing, writing, the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front"); <u>English v. State</u>, 191 So. 3d 448, 450 (Fla. 2016) ("When the statutory language is clear or unambiguous, this Court need not look behind the statute's plain language or employ principles of statutory construction to determine legislative intent"); <u>State v. Burris</u>, 875 So. 2d 408, 413-14 (Fla. 2004) (rejecting State's argument that the plain language of the robbery statute would lead to an unreasonable result or one clearly contrary to legislative intent: "As the State argues here, . . . we could infer that the Legislature would intend to deter a robber from using an automobile as a weapon and, thus, that the statute should penalize a robber who uses an automobile as a weapon. However, this interpretation would extend the reach of section 812.13(2)(a) beyond its express language based solely upon a very broad inference rather than any clear indication of legislative intent. Attractive as this interpretation may be from a policy standpoint, we must resist the temptation to so expand the statute. To

2

construe the statute in a way that would extend or modify its express terms

would be an inappropriate abrogation of legislative power.")