DINKINS *v.* CITY OF ABERDEEN.

In Banc. Nov. 14, 1949.

No. 37345   (42 So. (2d) 744)

**G. M. Holmes,** for appellant.

**Thomas F. Paine,** for appellee.

**Montgomery, J.**

Appellant was convicted in the Mayor's Court of the City of Aberdeen on a charge of unlawfully driving a motor vehicle on the streets of Aberdeen, Mississippi, while under the influence of intoxicating liquor and was fined $100. At the conclusion of the trial, appellant appealed to the circuit court, and the Mayor wrote in ink the following across the face of the affidavit: "Fined $100.00, appealed case to Circuit Court, Monroe County, Miss."

On the trial in the circuit court, the city offered the affidavit in evidence, and there was an objection on the ground that the memorandum thereon was prejudicial. The learned circuit judge, on motion, permitted the amendment of the affidavit by removing the memorandum with ink eradicator, thereby restoring the original condition of the affidavit, and admitted it as evidence. Appellant was convicted in the circuit court and sentenced to pay a fine of $350 and serve a sentence of thirty days in the county jail. The case is now before us on appeal from that judgment.

Appellant assigns two grounds as error. First, it is argued that the court below erred in permitting the affidavit to be amended by removing therefrom the collateral memorandum made thereon by the mayor and then receiving it in evidence. There is no merit in this contention. There was no mutilation of the instrument here, either by placing thereon the memorandum or by the subsequent removal of it. Mutilation ordinarily imports the rendering of a document imperfect by subtracting from it some essential part, as, by cutting, tearing, burning or erasure, but without totally destroying it. 44 C. J. 1500. Here, the written memorandum on the face of the instrument was wholly collateral to it. It added nothing to, and subtracted nothing from, the legal effect of the affidavit. It was without legal effect upon the affidavit. The erasure of marginal writings from an instrument is immaterial when the legal

556

effect of the instrument is not changed thereby. 3 C. J. S., Alteration of Instruments, § 29, p. 934.

■■ ■ Appellant contends further that the fine and sentence were excessive. We do not think so. The city ordinance provides that upon a conviction the same punishment shall be imposed as is provided by the laws of the State of Mississippi with regard to such offense against the State, and the city charter limits fines imposed by the city to $500 and imprisonment to thirty days. The fine and sentence imposed here were within the limitations of the city ordinance, the city charter, and the state statutes, and fully merited by the proof in this record.

We find no error in the record. The proof of appellant's guilt beyond every reasonable doubt is clear and abundant. The judgment of the lower court is affirmed.

Affirmed.