COMMONWEALTH *vs.* ALAN P. DIPIETRO, JR.

No. 91-P-841.

Middlesex. November 12, 1992. - December 30, 1992.

Present: BROWN, KASS, & IRELAND, JJ

*Statute*, Construction. *Destruction of Property. Practice, Criminal*, Required finding. *Words*, "Deface or mar."

Evidence at a criminal trial that the defendant, along with others, hurled eggs against the outside wall of a Hindu Temple was sufficient to sustain his conviction of religious vandalism pursuant to G. L. c. 266, § 127A, providing that "[w]hoever willfully, intentionally and without right, or wantonly without cause . . . defaces [or] mars . . . a church, synagogue or other building [of certain specified types] . . . shall be punished . . . . " [776-778]

INDICTMENT found and returned in the Superior Court Department on September 6, 1990.

The case was tried before *Daniel A. Ford*, J.

*Dana A. Curhan* for the defendant.

*Barbara F. Berenson*, Assistant District Attorney, for the Commonwealth.

BROWN, J. The defendant, in conjunction with others, hurled eggs against the outside wall of a Hindu Temple.[1] For this conduct, the defendant was convicted of religious vandalism pursuant to G. L. c. 266, § 127A. [2] That statute, as amended by St. 1989, c. 121, § 1, provides in relevant part:

"Whoever willfully, intentionally and without right, or wantonly and without cause, destroys, defaces, mars,

---

[1]To those who engage in such malicious, immature, or bigoted acts, this offensive practice is called "egging."

[2]Following the presentation of the Commonwealth's case at trial, the judge dismissed two other, related indictments. The jury returned a verdict of not guilty on a fourth indictment.

or injures a church, synagogue or other building [of certain specified types] . . . shall be punished . . . ."

This appeal requires us to interpret this portion of the statute. Penal statutes must be strictly construed, but "this maxim is a guide for resolving ambiguity rather than a rigid requirement that we interpret each statute in the manner most favorable to defendants." *Commonwealth v. Gagnon*, 387 Mass. 567, 569 (1982), quoting from *Simon v. Solomon*, 385 Mass. 91, 102-103 (1982). We assign language its ordinary meaning, where, as here, the statute is clear and unambiguous. See *Commonwealth v. Gagnon*, 387 Mass. at 569.

The linchpin in the defendant's argument is that because the eggs which struck the temple "completely washed off,"[3] they did not cause the "substantial harm" which he contends is required by the words "destroys, defaces, mars or injures" of the statute.[4] We hold as matter of law that the unambiguous statutory language does not require either substantial or permanent harm. "Egging" comfortably fits with both the dictionary definition and the statutory meaning of either "deface" or "mar." See Webster's Third New International Dictionary 1379 (1971) ("mar" defined as "to detract from the good condition or perfection or wholeness or beauty of"); American Heritage Dictionary 488, 1097 (3d ed. 1992) ("deface" defined as "to mar or spoil the appearance or surface of; disfigure"). Further, the ordinary meaning of the statutory language is consistent with the readily ascertainable purpose of the statute: to deter any physical attack of vandalism specifically against religious institutions, schools, and other facilities by increasing the penalties for such attacks. Compare G. L. c. 266, § 98, as appearing in St. 1960, § 169, a prior enactment which prescribes a lesser penalty for defacement or injury to a schoolhouse or church or affiliated building.

---

[3]This argument has been styled the "soap and water" test.

[4]The defendant's reliance on *Commonwealth v. Schuchardt*, 408 Mass. 347 (1990), a case discussing G. L. c. 266, § 127, is inapposite: the language and purpose of § 127 are quite different from those of § 127A. See G. L. c. 266, § 127, as appearing in St. 1982, c. 229, § 2.

The motion for a required finding of not guilty was rightly denied. Compare *Commonwealth* v. *Spina*, 1 Mass. App. Ct. 805 (1973) (insufficient evidence to show defendant "wilfully, intentionally and without right, injure[d], deface[d] and mar[red] a certain building," in violation of G. L. c. 266, § 104, where defendant had merely yelled and stood beside a codefendant who threw a rock at a police station).[5]

*Judgment affirmed.*

---

[5]The defendant's other argument regarding limitation of cross-examination is of no avail, for the reasons given in the Commonwealth's brief.