Filed 7/14/15  In re Bryant V. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re BRYANT V., a Person Coming Under the Juvenile Court Law. | B256963<br>(Los Angeles County<br>Super. Ct. No. VJ43575) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRYANT V.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Kevin L. Brown, Judge.  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

_____

The Los Angeles County District Attorney filed a petition pursuant to Welfare and Institutions Code section 602 alleging that Bryant V. (minor) was guilty of vandalism causing under $400 in damages (Pen. Code, § 594, subd. (a)),[1] and possession of tools to commit vandalism (§ 594.2, subd. (a)). The petition was sustained and the minor was declared a ward of the juvenile court. On appeal, the minor contends that there was insufficient evidence to establish that the pole he vandalized was not his property. We find no error and affirm.

## FACTS

The prosecution presented evidence of the following: On the morning of April 25, 2013, Deputy Larry Flores of the Los Angeles County Sheriff's Department was on patrol in the City of Bellflower near 5-Star Custom Wheels and Accessories, which was adjacent to a used car dealership. The minor squatted down and wrote something on the side of a white pole situated on a patch of grass next to the sidewalk and between the two businesses. Deputy Flores detained the minor and found a red marker in the front pocket of his sweatshirt. In addition, Deputy Flores observed the word "Negro" written in red on the pole. After the minor was admonished pursuant to *In re Gladys R.* (1970) 1 Cal.3d 855, 862, he said he knew it was wrong to commit vandalism.

At the time of the detention, the minor was 13 years old.

When the prosecution rested, the minor moved to dismiss based on insufficient evidence. Inter alia, he argued that the prosecution failed to prove that he was not the owner of the white pole. The juvenile court disagreed, relying on *In re Rudy L.* (1994) 29 Cal.App.4th 1007 (*Rudy L.*) and language in section 594, subdivision (a) giving rise to a permissive inference that a person who vandalizes real property or a fixture does not own the property. The minor was declared a ward of the juvenile court and placed home on probation.

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated. Section 594 provides, in part, "(a) Every person who maliciously commits any of the following acts with respect to any real or personal property not his or her own, in cases other than those specified by state law, is guilty of vandalism: [¶] (1) Defaces with graffiti or other inscribed material. [¶] (2) Damages. [¶] (3) Destroys."

2

This timely appeal followed.

## DISCUSSION

Before a defendant can be found to have committed vandalism, there must be proof that the real or personal property vandalized did not belong to the defendant. (§ 594, subd. (a); *In re Nicholas Y.* (2000) 85 Cal.App.4th 941, 943.) The sole issue presented by the minor on appeal is whether the prosecution proved that he was not the owner of the white pole that he defaced.

"In reviewing a challenge to the sufficiency of the evidence, we 'review the whole record to determine whether *any* rational trier of fact could have found the essential elements of the crime or special circumstances beyond a reasonable doubt. [Citation.] The record must disclose substantial evidence to support the verdict—i.e., evidence that is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] In applying this test, we review the evidence in the light most favorable to the prosecution and presume in support of the judgment the existence of every fact the jury could reasonably have deduced from the evidence. [Citation.]' [Citation.] Moreover, ""[c]ircumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt."" [Citation.] Accordingly, '[w]e "must accept logical inferences that the jury might have drawn from the circumstantial evidence. [Citation.]"' [Citation.]'" (*People v. Banks* (2014) 59 Cal.4th 1113, 1156.)

In this case, the prosecution did not put on any direct evidence of who owned the white pole. However, the evidence gave rise to a logical inference that the minor was not the owner. First, the white pole was affixed to real property, which makes it part of the real property (Code Civ. Proc., § 568), and Family Code section 6701, subdivision (b) establishes that a minor cannot "[m]ake a contract relating to real property or any interest therein." That the minor was 13 years old and could not contract to purchase real property strongly indicates that he was not the owner. Second, the minor said he knew that vandalism was wrong. In context, the minor admitted that it was wrong for him to

3

deface the white pole. Because defacing the pole would be wrong only if he did not own it, his admission implies nonownership.

Aside from the evidence of nonownership, the juvenile court's finding of nonownership was supported by section 594, subdivision (a). In part, it provides that "[w]henever a person violates this subdivision with respect to real property, vehicles, signs, fixtures, furnishings, or property belonging to any public entity, as defined by Section 811.2 of the Government Code, or the federal government, it shall be a permissive inference that the person neither owned the property nor had the permission of the owner to deface, damage, or destroy the property." (§ 594, subd. (a).) Based on the plain meaning of the statutory language (*People v. Robinson* (2010) 47 Cal.4th 1104, 1138), the juvenile court was entitled to infer nonownership because the minor defaced what qualified as both real property and a fixture.

The minor contends that the permissive inference allowed by section 594, subdivision (a) only applies to property belonging to a public entity or the federal government. This contention lacks merit. The plain language of the statute establishes that subdivision (a) applies to *any* property belonging to a public entity or the federal government. As for property belonging to a private party, subdivision (a) applies to real property, vehicles, signs, fixtures and furnishings. Simply put, the statute is not susceptible to the interpretation urged by the minor.

The evidence and inferences were sufficient to prove the minor's lack of ownership beyond a reasonable doubt. (*People v. Mosley* (2015) 60 Cal.4th 1044, 1055 [every element of a crime must be proven by the prosecution beyond a reasonable doubt].)

All other issues are moot.

4

**DISPOSITION**

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
         ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ


5