# Supreme Court of Florida

_____

No. SC14-2229
_____

**JERMAINE D. ENGLISH,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[May 12, 2016]

LABARGA, C.J.

Jermaine English seeks review of the decision of the Fifth District Court of Appeal in State v. English, 148 So. 3d 529 (Fla. 5th DCA 2014), on the ground that it expressly and directly conflicts with a decision of another district court of appeal, Harris v. State, 11 So. 3d 462 (Fla. 2d DCA 2009), on a question of law. Specifically, the district courts reached conflicting decisions on what constitutes an obstruction to a license plate in violation of section 316.605(1), Florida Statutes (2013), and whether the statute creates a distinction between obscuring matter that is on or is external to the license plate. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. We conclude that the plain language of section 316.605(1) is clear and

unambiguous, and requires that a license plate be plainly visible and legible at all times without regard to whether the obscuring matter is on or external to the plate. Accordingly, we approve the Fifth District's decision in <u>English</u> and disapprove the Second District's decision in <u>Harris</u>.

**FACTS AND PROCEDURAL BACKGROUND**

This case arose from a traffic stop conducted pursuant to a violation of section 316.605(1), Florida Statutes, which in relevant part, provides as follows:

> Every vehicle, at all times while driven, stopped, or parked upon any highways, roads, or streets of this state shall, . . . display the license plate . . . in such manner as to prevent the plates from swinging, and all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word "Florida," the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front. . . .  A violation of this subsection is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.

The underlying facts of this case were succinctly set forth by the Fifth District in <u>English</u>:

> The facts are not in dispute.  English was stopped by two Orlando police officers after they noticed that the tag light on the vehicle that he was driving, along with its attached wires, was hanging down in front of the license plate, obstructing the officers' view of the plate and rendering at least one letter on it unreadable.  The tag became readable, only momentarily, when the vehicle turned and caused the wires to shift.  However, after the turn, when the wires shifted back, the view of the tag was obstructed again.

English, 148 So. 3d at 529. A seizure of evidence during the course of the traffic stop resulted in criminal charges against English, and he moved to suppress the evidence in the trial court on the grounds that the stop was invalid. The trial court granted the motion to suppress, concluding that English did not violate the statute and there was no basis for the traffic stop.

On appeal, the Fifth District reversed the trial court's order and held that a plain reading of section 316.605(1) requires the alphanumeric designation on the license plate to be plainly visible and legible at all times 100 feet from the rear. Id. at 530. In determining that English's hanging tag light constituted a violation of the statute, the district court did not distinguish between obscuring matter that was on or external to the license plate. The district court concluded that a tag light, along with its attached wires, hanging down in front of the license plate, rendering at least one letter on the plate unreadable, obscured the plate such that it was not plainly visible and legible at all times to the police officers. Id. at 529-30. Thus, the Fifth District concluded that the officers made a proper stop and that evidence from the stop should not have been suppressed. English subsequently sought review in this Court, alleging express and direct conflict with the Second District's decision in Harris, 11 So. 3d 462. English contends that the Fifth District should have followed the reasoning set forth in Harris to conclude that a hanging tag light

did not constitute the type of obscuring matter contemplated by section 316.605(1) because the tag light was external to the license plate, not on it.

## ANALYSIS

### Standard of Review

The conflict in the present case involves the interpretation of section 316.605(1), Florida Statutes, which is a purely legal matter subject to de novo review. See Kasischke v. State, 991 So. 2d 803, 807 (Fla. 2008). "When construing a statute, this Court attempts to give effect to the Legislature's intent, looking first to the actual language used in the statute and its plain meaning." Trinidad v. Fla. Peninsula Ins. Co., 121 So. 3d 433, 439 (Fla. 2013). When the statutory language is clear or unambiguous, this Court need not look behind the statute's plain language or employ principles of statutory construction to determine legislative intent. See id.; Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005). In such an instance, the statute's plain and ordinary meaning must control unless that meaning leads to a result that is unreasonable or clearly contrary to legislative intent. See Polite v. State, 973 So. 2d 1107, 1111 (Fla. 2007); State v. Burris, 875 So. 2d 408, 410 (Fla. 2004). When the statutory language is unclear or ambiguous, this Court applies rules of statutory construction to discern legislative intent. See Polite, 973 So. 2d at 1111.

## Licensing of Vehicles Statute

The present conflict turns on whether a hanging tag light obscures a license plate in violation of section 316.605(1). English argues that the Fifth District's decision, which did not examine the phrase "other obscuring matter," conflicts with the Second District's decision in Harris. In Harris, the defendant appealed convictions for charges based on evidence found during a traffic stop. The trial court denied the defendant's motion to suppress evidence based on the officers' testimony that a trailer hitch partially obscured the license plate such that they were unable to read the letters from thirty to fifty feet behind the vehicle. Harris, 11 So. 3d at 463. On appeal, the Second District reversed the trial court, holding that obstruction by a trailer hitch did not violate section 316.605(1). Id. at 464. The district court determined that "[t]he only language in the statute that would apply to the case at bar is the phrase 'other obscuring matter,' " and concluded that pursuant to the canon of ejusdem generis, "where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated." Id. at 463 (citing Black's Law Dictionary 514 (6th ed. 1990)). The district court explained that the canon of ejusdem generis limited "obscuring matter" to "grease, grime, or some other material placed over the plate," concluding that matters external to the plate were not the type of obstructions contemplated by the statute. Id. In contrast, the Fifth

District in English did not attempt to distinguish among matter that was on or external to the license plate, but declared that under the plain language of the statute, English was not in compliance with the statute when his license plate was obscured by a hanging tag light. We agree.

The plain language of section 316.605(1) provides that "the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear or front." While canons of statutory construction may be appropriately applied to determine legislative intent when a statute is unclear, we conclude that the language of section 316.605(1) is clear and unambiguous. Accordingly, this Court need only consider the actual language of the statute and need not resort to canons of statutory construction to effectuate the intent of the Legislature. Additionally, there is no need to consider the meaning of an isolated phrase in the statutory provision when the actual language of the statute, taken as a whole, clearly expresses the intent of the Legislature. See Acosta v. Richter, 671 So. 2d 149, 153-54 (Fla. 1996) ("[A] statute should be interpreted to give effect to every clause in it, and to accord meaning and harmony to all of its parts. Likewise, statutory phrases are not to be read in isolation, but rather within the context of the entire section.") (internal citations omitted).

The plain language of section 316.605(1) requires that a license plate be "clear and distinct" and "free from defacement, mutilation, grease, and other obscuring matter"; it does not suggest that matter external to the license plate may constitute a permissible obstruction under the statute. Therefore, we hold that section 316.605(1) does not distinguish between obscuring matter that is on or external to the license plate. Accordingly, we conclude that a tag light, hanging down in front of a license plate, obscuring its alphanumeric designation, constitutes a violation of section 316.605(1).

For these reasons, we approve the decision of the Fifth District in English and disapprove the decision of the Second District in Harris.

It is so ordered.

LEWIS, QUINCE, CANADY, and POLSTON, JJ., concur.
PERRY, J., dissents with an opinion, in which PARIENTE, J., concurs.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

PERRY, J., dissenting.

Because I would conclude that section 316.605(1), Florida Statutes, is ambiguous, I respectfully dissent.

There are at least two reasonable constructions of the phrase "obscuring matter" within the statute: (1) the construction endorsed by the Second District that a hanging tag light does not constitute the type of obscuring matter contemplated

by the statute because the tag light was external to the license plate, not on it; and (2) the construction endorsed by the Fifth District that a hanging tag light constitutes obscuring matter under the statute because the tag light and its wires obscured the plate such that the plate was not plainly visible and legible at all times because at least one letter on the plate was unreadable.  Because there is more than one interpretation of the statute, it can hardly be concluded that the statutory language is clear and unambiguous.  See Bush v. Holmes, 919 So. 3d 392, 408 (Fla. 2006) ("Ambiguity suggests that reasonable persons can find different meanings in the same language.").

Accordingly, in construing the meaning of "obscuring matter," the canon of construction known as ejusdem generis is instructive.  Under this canon, "when a general phrase follows a list of specifics, the general phrase will be interpreted to include only items of the same type as those listed." State v. Hearns, 961 So. 2d 211, 219 (Fla. 2007).  The types of obscuring matter enumerated in section 316.605(1) include defacement, mutilation, and grease. § 316.605, Fla. Stat.

(2015).  Contrary to the majority's statement that the statute does not distinguish among the types of obscuring matters, defacement,[1] mutilation,[2] and

1.  See Blacks Law Dictionary 504 (10th ed. 2014) (defining "deface" as "[t]o mar or destroy (a written instrument, signature, or inscription) by obliteration, erasure, or superinscription."); Webster's Third New International Dictionary 590 (1976) (defining "deface" as "to destroy or mar the face or external appearance of: injure, spoil, or mar by effacing important features or portions of"); see also In re Nicholas Y., 85 Cal. App. 4th 941, 942 (Cal. Ct. App. 2000) (Writing with marker pen on glass window of a projection booth of a motion picture theater constituted "defacing."); Commonwealth v. DiPietro, 604 N.E.2d 1344, 1345-1346 (Mass. App. Ct. 1992) (Defendant "defaced" or "marred" religious temple by throwing eggs against outside wall); State v. Kasnett, 297 N.E.2d 537, 540 (Ohio 1973) (holding that the words "defile," "deface," and "cast contempt upon," in flag mutilation statute when read in association with the specific words "mutilate, burn destroy," and "trample upon," denote a legislative intent to proscribe only contemptuous physical acts of destruction, mutilation, defilement, or defacement of the flag of the United States); Joyce v. United States, 454 F.2d 971, 976 (D.C. Cir. 1971) (tearing the flag constitutes a "defacing" within the meaning of statute prohibiting desecration of the flag); People v. Brumley, 51 Cal. Rptr. 131, 134 (Cal. Ct. App. 5th 1966) (holding that to "deface" does not necessarily mean to obliterate and "alter" does not mean to change beyond recognition within statute prohibiting altering or defacing a brand or mark on an animal with intent to steal or prevent identification by true owner).

2.  See Merriam-Webster's Collegiate Dictionary 820 (11th ed. 2003) (defining "mutilate" as "to cut up or alter radically so as to make imperfect"); Blacks Law Dictionary 1178 (10th ed. 2014) (defining "mutilation" as "[t]he act or an instance of rendering a document legally ineffective by subtracting or altering— but not completely destroying—an essential part through cutting, tearing, burning, or erasing"); see also State v. Thompson, 43 S.W.3d 516, 525 (Tenn. Crim. App. 2000) (defining "mutilation" as also meaning "to cut up or to alter radically so as to make imperfect"); State v. Stout, 958 S.W.2d 32, 34 (Mo. App. E.D. 1997) (defining "mutilation," as used in animal abuse statute, as "encompass[ing] any severe injury that results in the cutting off or removal of an essential part of a person or thing and impairs its completeness, beauty, or function"); Dinkens v. City of Aberdeen, 42 So. 2d 744, 744 (Miss. 1949) (defining "mutilation" as "ordinarily import[ing] the rending of a document imperfect by subtracting from it

grease[3] all imply physical alterations to a license plate. Thus, "obscuring matter" can only logically refer to matter that physically affects the license plate and not matter that is external to the license plate and temporarily obscures part of the license plate such as the hanging tail light and attached wires in this case.

I agree with the majority that statutory phrases must be read within the context of the entire section. Read together, it is clear that the phrase "defacement, mutilation, grease, and other obscuring matter" qualifies the phrase "so that [a license plate] will be plainly visible and legible at all times." Therefore, through the lens of ejusdem generis and common sense, the Legislature intended to prevent motorists from physically altering or obscuring the license plate in order to allow it to be plainly visible and legible at all times. It does not follow that various external objects be included into the same category as "obscuring matter."

---

some essential part, as by cutting, tearing, burning, or erasure but without totally destroying it"); Tinsley v. Carwile, 10 N.E.2d 597, 600 (Ind. 1937) (defining "mutilate" as something less than total destruction, and recognizing that the word—as generally used by law writers and by judges—means to render imperfect).

3. See Webster's Third New International Dictionary 994 (1976) (defining "grease" as "oily matter or a thick oily or buttery preparation esp. when not fine or pure: a thick lubricant (as petroleum oil thickened with a metallic soap). "Grease" refers to matter which may be either intentionally placed over a license plate to obscure its reading or may simply accumulate over time due to the nature of a person's work or lifestyle. "Grease" aligns with the definitions of "deface" and "mutilate" in that all three are ways in which a license plate can be rendered unreadable by a physical alteration to the license plate itself.

Therefore, I disagree with the majority that the language of the statute does not distinguish among the types of obscuring matter.

Under the majority's view, the licensing statute could lead to potentially outrageous results. For example, families and avid bikers who utilize rear bike racks will now be guilty of unlawful activity if any part of the bicycle or bicycle rack—or the nylon straps which are used to secure the bike to the rack—covers the license plate. The possibilities under which law enforcement may now detain drivers under this statute are limited only by the imagination, potentially placing in the hands of law enforcement unfettered discretion to enforce the statute.

Law enforcement no doubt must have the ability to clearly read a license plate in order to properly carry out their duties. However, there must be a balance in order to prevent uncontrolled discretion to the individual law enforcement officer who makes the determination of whether a crime has been committed. After all, one could conjure several forms of "matter" which may temporarily obscure a license plate, only to subsequently disappear. Regardless, a violation of the statute has occurred and may now serve as a pretext for an otherwise invalid stop.

If the Legislature intended to include any conceivable type of matter which could potentially obscure a license plate, it could have stated simply that license plates "shall be clear and distinct and free from all obscuring matter" rather than

providing an exhaustive list.[4]  Thus, the omission of external matter which may inadvertently obscure the face of a license plate from the list of enumerated "obscuring matter" lends further support to the conclusion that a hanging tag light, along with its attached wires, that causes one letter of a license plate to be unreadable, is not "obscuring matter" under the statute.

Because the statute is not clear and unambiguous, I would rely primarily on the principle that when a general phrase follows a list of specifics, the general phrase should be interpreted to include only items of the same type as those specifically listed.  Thus, I disagree with the majority that "obscuring matter" includes all matter, regardless of whether it is on or is external to a license plate, and would adopt the reasoning of the Second District in Harris v. State, 11 So. 3d 462 (Fla. 2d DCA 2009).

PARIENTE, J., concurs.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

Fifth District - Case No. 5D13-3398

(Orange County)

---

4.  Review of the legislative history shows that the section of the statute at issue in this case has remained unchanged since its enactment in 1957 under the Florida Model Traffic Ordinance.  See Ch. 57-333, Laws of Fla. (1957). Unfortunately, legislative analyses are largely unavailable prior to 1968; therefore, it will likely remain unknown as to what the Legislature intended by the phrase "other obscuring matter."

James S. Purdy, Public Defender, and Nancy Jean Ryan, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

    for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Bureau Chief, and Andrea Karyn Totten, Assistant Attorney General, Daytona Beach, Florida,

    for Respondent