PERRY, J.,
dissenting.
Because I would conclude that section 316.605(1), Florida Statutes, is ambiguous, I -respectfully dissent.
*452 There are at least two reasonable constructions of the phrase “obscuring matter” within the statute: (1) the construction endorsed by the Second District that a hanging tag light does not constitute the type of obscuring matter contemplated by the statute because the tag light was external to the license plate, not on it; and (2) the construction endorsed by the Fifth District that a hanging tag light constitutes obscuring matter under the statute because the tag light and its wires obscured the plate such that the plate was not plainly visible and legible at all times because at least one letter on the plate was unreadable. Because there is more than one interpretation of the statute, it can hardly be concluded that the statutory lam guage is clear and unambiguous. See Bush v. Holmes, 919 So.2d 392, 408 (Fla. 2006) (“Ambiguity suggests that reasonable persons can find different meanings in the same language.”).
Accordingly, in construing the meaning of “obscuring matter,” the canon of construction known as ejusdem generis is instructive. Under this canon, “when a general phrase follows a list of specifics, the general phrase will be interpreted to include only items of the same type as those listed.” State v. Hearns, 961 So.2d 211, 219 (Fla.2007). The types of obscuring matter enumerated in section 316.606(1) include defacement, mutilation, and grease. § 316.605, Fla. Stat. (2015).. Contrary to the majority’s statement, that the statute does not distinguish among the types of obscuring matters, defacement,[1] mutilation,[2] and . grease[3] all imply physical altera *453 tions to a license plate. Thus, “obscuring matter” can only logically refer to matter that physically affects the license plate and not matter that is external to the license plate and temporarily obscures part of the license plate such as the hanging tail light and attached wires in this case.
I agree with the majority that statutory phrases must be read within the context of the entire section. Read together, it is clear that the phrase “defacement, mutilation, grease, and other obscuring matter” qualifies the phrase “so that [a license plate] will be plainly visible and legible at all times.” Therefore, through the lens of ejusdem generis and common sense, the Legislature intended to prevent motorists from physically altering or obscuring the license plate in order to allow it to be plainly visible and legible at all times. It does not follow that various external objects be included into the same category as “obscuring matter.” Therefore, I disagree with the majority that the language of the statute does not distinguish among the types of obscuring matter.
Under the majority’s view, the licensing statute could lead to potentially outrageous results. For example, families and avid bikers who utilize rear bike racks will now be guilty of unlawful activity if any part of the bicycle or bicycle rack — or the nylon straps which are used to secure the bike to the rack — covers the license plate. The possibilities under which law enforcement may now detain drivers under this statute are limited only by the imagination, potentially placing in the hands of law enforcement unfettered discretion to enforce the statute.
Law enforcement no doubt must have the ability to clearly read a license plate in order to properly carry out their duties. However, there must be a balance in order to prevent uncontrolled discretion to the individual law enforcement officer who makes the determination of whether a crime has been committed. After all, one could conjure several forms of “matter” which may temporarily obscure a license plate, only to subsequently disappear. Regardless, a violation of the statute has occurred and may now serve as a pretext for an otherwise invalid stop.
If the Legislature intended to include any conceivable type of matter which could potentially obscure a license plate, it could have stated simply that license plates “shall be clear and distinct and free from all obscuring matter” rather than providing an exhaustive list.[4] Thus, the omission of external matter which may inadvertently obscure the face of a license plate from *454 the list of enumerated “obscuring matter” lends further support to the ’ conclusion that a hanging- tag light, along with its attached wires, that causes one letter of a license plate to be unreadable, is not-“obscuring matter” under the statute.
Becausé the statute is not clear and unambiguous, I would rely primarily on the. principle that when a general phrase follows a list, of specifics, the general phrase should - be-interpreted to include only items of the same type as those specifically listed. Thus,-1 disagree with the majority that “obscuring matter” includes all matter, regardless of whether it is on or is external to a license plate, and would adopt the reasoning of the Second District in Harris v. State, 11 So.3d 462 (Fla. 2d DCA2009),
PARIENTE, J., concurs.

. See Blacks Law Dictionary 504 (10th ed.2014) (defining “deface” as "[t]o mar or destroy (a written instrument, signature, or inscription) by obliteration, erasure, or su-perinscription.”); Webster's Third New International Dictionary 590 (1976) (defining "deface” as "to destroy or mar the face or external appearance of: injure, spoil, or mar by effacing important features or portions of”); see also In re Nicholas Y., 85 Cal.App.4th 941, 942, 102 Cal.Rptr.2d 511 (Cal.Ct.App.2000) (Writing with marker pen on glass window of a projection booth of a motion picture theater constituted “defacing.”); Commonwealth v. DiPietro, 33 Mass.App.Ct. 776, 604 N.E.2d 1344, 1345-1346 (1992) (Defendant "defaced” or "marred” religious temple by throwing eggs against outside wall); State v. Kasnett, 34 Ohio St.2d 193, 297 N.E.2d 537, 540 (1973) (holding that the words "defile,” “deface," and "cast contempt upon,” in flag mutilation statute when read in association with the specific words "mutilate, burn destroy,” and "trample upon,” denote a legislative intent to proscribe only contemptuous physical acts of destruction, mutilation, defilement, or defacement of the flag of the United States); Joyce v. United States, 454 F.2d 971, 976 (D.C.Cir.1971) (tearing the flag constitutes a "defacing” within the meaning of statute prohibiting desecration of the flag); People v. Brumley, 242 Cal.App.2d 124, 51 Cal.Rptr, 131, 134 (5th 1966) (holding that to "deface” does not necessarily mean to obliterate •and “alter” does not mean to change beyond recognition within statute prohibiting altering or defacing, a brand or mark on an animal with, intent to steal or prevent identification by true owner).

. See Merriam-Webster's Collegiate Dictionary 820 (11th ed.2003) (defining "mutilate” as "to cut up or alter radically so as to make imperfect”); Blacks Law Dictionary 1178 (10th ed.2014) (defining "mutilation” as "[t]he act or an instance of rendering a document legally ineffective by subtracting or altering — but not completely destroying — an essential-part through cutting, tearing, burning, or erasing”); see also State v. Thompson, 43 S,W.3d 516, 525 (Tenn.Crim.App.2000) (defining "mutilation” as also meaning "to cut up or to alter radically so as to make imperfect”); State v. Stout, 958 S.W.2d 32, 34 (Mo.App.E.D.1997) (defining "mutilation,” as used in animal abuse statute, as "encompassing] any severe injury that results in the cutting off or : removal of an essential part of a person or thing and impairs its completeness, beauty, or function”); Dinkins v. City of Aberdeen, 207 Miss. 552, 42 So.2d 744, 744 (1949) (defining "mutilation” -as "ordinarily importing] the rending of a document imperfect by subtract *453 ing from it some essential part, as by cutting, tearing, burning, or erasure but without totally destroying it”); Tinsley v. Carwile, 212 Ind. 675, 10 N.E.2d 597, 600 (1937) (defining “mutilate” as something less than total destruction, and recognizing that the word — as generally used by law writers and by judges— means to render imperfect).

. See Webster’s Third New International Dictionary 994 (1976) (defining "grease” as "oily matter or a thick oily or buttery preparation esp. when not fine or pure; a thick lubricant (as petroleum oil thickened with a metallic soap). "Grease” refers to matter which may be either intentionally placed over a license plate to obscure its reading or may simply accumulate over time due to the nature of a person’s work or lifestyle. "Grease” aligns with the definitions of "deface” and "mutilate” in that all three are ways in which a license plate can be rendered unreadable by a physical alteration to the license plate itself.

. Review of the legislative history shows that the section of the statute at issue in this case has remained unchanged since its enactment in 1957 under the Florida Model Traffic Ordinance. See Ch. 57-333, Laws of Fla. (1957). Unfortunately, legislative analyses are largely unavailable prior to 1968; therefore, it will likely remain unknown as to what the Legislature intended by the phrase “other obscuring matter.”