NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSHUA AARON HOLLAMON, Plaintiff - Appellant, v. CITY OF LOS ANGELES; MICHAEL R. MOORE, LAPD Police Chief; S. SMITH, Officer; Serial No. 33751; G. MCDONALD, Officer; Serial No. 30059; PETER GILLIES, Lieutenant; Serial No. 26963, Defendants - Appellees. | No. 24-341 D.C. No. 2:22-cv-08778-SB-MAR MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted March 5, 2025
Pasadena, California

Before: MURGUIA, Chief Judge, and SANCHEZ and H.A. THOMAS, Circuit Judges.

On December 2, 2020, Plaintiff-Appellant Joshua Hollamon used a spray

can containing spray chalk to spray ten stencils with the messages "BLACK

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

LIVES MATTER" and "ALL POWER TO THE PEOPLE" on the Los Angeles Police Department's ("LAPD") North Hollywood station's driveway, adjacent sidewalk, and concrete base of its sign. Officers inside the station observed Hollamon and arrested him for felony vandalism. Hollamon brought claims under 42 U.S.C. § 1983 and state law against Defendants-Appellees. The district court granted summary judgment for Defendants. We review a grant of summary judgment de novo. *Johnson v. Barr*, 79 F.4th 996, 999 (9th Cir. 2023) (citation omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Probable cause existed to arrest Hollamon for felony vandalism. Probable cause exists where "officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

Here, Defendants held a reasonable belief that Hollamon committed felony vandalism under Cal. Pen. Code § 594. Section 594 provides that "[e]very person who maliciously" "[d]efaces with graffiti or other inscribed material" "any real or personal property not his or her own . . . is guilty of vandalism" and vandalism that causes $400 or more of damage "is punishable by imprisonment . . . not exceeding one year." Defendants reasonably believed that the spray chalk used on the station constituted an "inscribed material," *see In re Nicholas Y.*, 102 Cal. Rptr. 2d 511,

513 (2000), and that Hollamon's vandalism caused more than $400 in damage as the City's Graffiti Removal Cost Sheet estimates "$425 to remove graffiti from sidewalks or barriers . . . and $475 to remove it from a street."

2.  Hollamon contends that his arrest was retaliatory in violation of the First Amendment.  Under *Nieves v. Bartlett*, "probable cause should generally defeat a retaliatory arrest claim."  587 U.S. 391, 406 (2019).[1]  A "narrow" exception applies in "circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so."  *Id.*  Under this exception, a plaintiff must present "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been."  *Id.* at 407.  Objective evidence of similarly situated individuals is not limited to "virtually identical and identifiable comparators," and may consist of other objective evidence bearing on this question.  *Gonzalez*, 602 U.S. at 658.

To satisfy the *Nieves* exception, Hollamon presented evidence concerning (1) the alleged motivations of the officers who had arrested him, (2) the temporariness of chalk, cost and frequency of chalk clean-up, and the clean-up of

---

[1] Hollamon alternatively argues that his retaliatory arrest claim should not be considered under *Nieves* because *Nieves* is limited to "split-second arrests."  The Supreme Court has declined to address this question.  *See Gonzalez v. Trevino*, 602 U.S. 653, 658-59 (2024) (per curiam).  We need not address this argument because even if *Nieves* is limited in this manner, the record establishes that Hollamon was arrested moments after the officers became aware of his spray-chalking activities.

Hollamon's vandalism, (3) other approved artwork at the LAPD station, and (4) lack of prosecution of felony vandalism involving chalk.

The district court did not err in concluding that Hollamon's evidence is insufficient. Evidence of officers' motivations for arresting Hollamon is not "objective" evidence concerning similarly situated individuals. *See Nieves*, 587 U.S. at 403. As for evidence of chalk clean-up costs, the frequency of cleanup, or costs to clean up Hollamon's vandalism, such evidence does not bear on the question whether officers tend to exercise their discretion not to arrest "similarly situated individuals." *Id.* at 407. Evidence of artwork approved by the LAPD for display is similarly inapt because this activity is distinct from the "malicious[] deface[ment]" of any "real or personal property not his or her own." Cal. Pen. Code § 594.

Finally, the deposition of Gerry Valido—who testifies regularly in graffiti-related prosecutions but did not recall any prosecution for felony vandalism with chalk—constitutes evidence as to the absence of felony prosecutions, but it does not address whether there have been *arrests* of similarly situated individuals.[2] *Cf. Ballentine v. Tucker*, 28 F.4th 54, 62 (9th Cir. 2022) (finding sufficient evidence for the *Nieves* exception in part because plaintiffs presented Las Vegas police

---

[2] Hollamon, for example, was arrested for vandalism, but his prosecution ended after he completed a diversion program.

records that directly established that chalking sidewalks rarely resulted in arrest). While evidence of felony prosecutions could have more bearing in a different situation, we conclude that the district court did not err in finding this evidence, standing alone, insufficient to establish the *Nieves* exception here.

3. Hollamon argues that the district court erred by granting summary judgment on his claim under the Bane Act, Cal. Civ. Code § 52.1, because the California Supreme Court's approach to retaliatory arrests might differ from *Nieves*. Because Hollamon does not develop this argument, and did not present it to the district court, we deem it waived. *See United States v. Williams*, 846 F.3d 303, 311 (9th Cir. 2017) (citation omitted).

4. Hollamon claims that his arrest and handcuffing by Defendants constituted excessive force in violation of the Fourth Amendment. An officer's use of handcuffing to effectuate an arrest, without any attendant injuries, "rarely constitute[s] excessive force where the officers were justified . . . in effecting the underlying arrest." *Demarest v. City of Vallejo*, 44 F.4th 1209, 1226 (9th Cir. 2022) (quoting *Brown v. Gilmore*, 278 F.3d 362, 369 (4th Cir. 2002)). Here, Hollamon did not attest to any injuries caused by the arrest and the officers had probable cause to arrest him. The officers' minimal use of force to handcuff Hollamon was objectively reasonable under the circumstances. *See id.* at 1225 (citing *Graham v. Connor*, 490 U.S. 386, 395–97 (1989)).

5.  Hollamon argues that he was falsely arrested and maliciously prosecuted in violation of the Fourth Amendment.  Because all charges against Hollamon and his arrest were supported by probable cause, these claims warrant dismissal.  *See Lassiter v. City of Bremerton*, 556 F.3d 1049, 1053–54 (9th Cir. 2009).  Hollamon's reliance upon *Chiaverini v. City of Napoleon* is unavailing as there are no "baseless charge[s]" present.  602 U.S. 556, 562 (2024).

6.  Hollamon contends that Defendants violated the Fourteenth Amendment when he was not given hand sanitizer by jail officials to treat a cut that later became infected.  A plaintiff must prove "the defendant caused the plaintiff's injuries."  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  Hollamon concedes that he "does not know the origin of the injury, nor has he blamed defendants for it."  The district court did not err in dismissing this claim.

7.  Hollamon fails to argue and so waives his claims of "supervisory, municipal and final policy maker liability" and state law claims of "battery," "negligent training and supervision, *etc.*," and negligence *per se*.  *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("[O]n appeal, we have held firm against considering arguments that are not briefed.").

**AFFIRMED.**